UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     <u>INDICTMENT</u>

                -v-               :     S3 05 Cr. 517 *(LAK)*

MANUEL FELIPE SALAZAR-ESPINOSA,   :
        a/k/a "Hoover,"
                                  :

                    Defendant.    :

- - - - - - - - - - - - - - - - - - - x

<u>COUNT ONE</u>
<u>(Narcotics Importation Conspiracy)</u>

The Grand Jury charges:

1.    From at least in or about 2002 up to and including on or about July 26, 2005, in the Southern District of New York and elsewhere, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of said conspiracy that MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___11___
DATE FILED: JUL 2 6 2005

violation of Sections 812, 952(a) and 960(b)(1)(B)(ii) of Title 21, United States Code.

3.   It was further a part and an object of said conspiracy that MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending that such substance would be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 812, 959(a), and 960(b)(1)(B)(ii) of Title 21, United States Code.

**Overt Acts**

4.   In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a.   In or about 2002, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and a co-conspirator not named as a defendant herein discussed the transportation of approximately $8,000,000 in proceeds from a shipment of cocaine that had been imported into the United States.

b.  In or about April 2005, in Panama, MANUEL
FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and co-
conspirators not named as defendants herein possessed
approximately 2,500 kilograms of cocaine destined for Mexico en
route to the United States.

c.  On or about May 23, 2005, MANUEL FELIPE
SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, traveled to
Cali, Colombia to recruit pilots for the purpose of transporting
5,000 kilograms of cocaine destined for New York.

d.  On or about July 21, 2005, in Panama City,
Panama, at the direction of MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a
"Hoover," the defendant, co-conspirators not named as defendants
herein concealed and stored approximately 1,555 kilograms of
cocaine destined for Mexico en route to the United States.

(Title 21, United States Code, Section 963.)

## COUNT TWO
### (Distribution of Narcotics with Intent to Import)

The Grand Jury further charges:

5.  From at least in or about April 2005 up to and
including in or about July 2005, in Panama, MANUEL FELIPE
SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, distributed a
controlled substance, to wit, five kilograms and more of mixtures
and substances containing a detectable amount of cocaine, and

3

aided and abetted such distribution, knowing and intending that the substance would be unlawfully imported into the United States, or into waters within a distance of 12 miles of the coast of the United States.

(Title 21 United States Code, Sections 959(a) and (c), 960(a)(3)
& 960(b)(1)(B)(ii) and
Title 18, United States Code, Section 2).

### COUNT THREE
**(Money Laundering Conspiracy)**

The Grand Jury further charges:

6.  From in or about 2002, up to and including in or about May 2005, in the Southern District of New York and elsewhere, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and others known and unknown, unlawfully, wilfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956 (a)(1)(B) of Title 18, United States Code.

7.  It was a part and an object of the money laundering conspiracy that MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and co-conspirators not named as defendants herein, in an offense involving and affecting interstate and foreign commerce, knowing that property involved in certain financial transactions, to wit, the receipt, custody and transfer of United States currency which represented the

4

proceeds of some form of unlawful activity, unlawfully, wilfully, and knowingly would and did conduct and attempt to conduct financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Section 1956(a)(1)(B)(i) of Title 18, United States Code.

## Overt Acts

8.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a.   In or about 2002, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and a co-conspirator not named as a defendant herein discussed the transportation of approximately $8,000,000 in proceeds from a shipment of cocaine that had been imported into the United States.

b.   From in or about 2002, up to and including in or about May 2005, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, and co-conspirators not named as defendants herein shipped, on a weekly basis, multi-million

5

dollar quantities of drug proceeds from New York to Mexico and Colombia.

(Title 18, United States Code, Section 1956(h) and 2.)

### FORFEITURE ALLEGATION (Narcotics)

9.    As a result of committing one or more of the controlled substance offenses alleged in Counts One and Two of this Indictment, MANUEL FELIPE SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the said defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment including, but not limited to, the following:  a sum of money equal to approximately $50 million in United States currency, representing the amount of proceeds obtained as a result of the controlled substance offenses for which the defendant is liable.

### Substitute Assets Provision

10.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

6

a. cannot be located upon the exercise of due
diligence;

b. has been transferred or sold to, or deposited
with, a third party;

c. has been placed beyond the jurisdiction of
the court;

d. has been substantially diminished in value;
or

e. has been commingled with other property which
cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of the defendant up to the value of the
forfeitable property.

(Title 21, United States Code, Sections 963, 959 and 853.)

**FORFEITURE ALLEGATION (Money Laundering)**

11. As a result of committing the foregoing offense
alleged in Counts Three of this Indictment, in violation of Title
18, United States Code, Sections 1343 and 1956(h), MANUEL FELIPE
SALAZAR-ESPINOSA, a/k/a "Hoover," the defendant, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 982, all property, real and personal, involved in the

7

money laundering offense and all property traceable to such property, including but not limited to the following:

a.   A sum of money no less than $50 million in United States currency, in that such sum in the aggregate is property which was involved in the money laundering conspiracy offense, or is traceable to such property.

### Substitute Assets Provision

12.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the

forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United
States Code, Sections 1343 and 1956).


_____                _____
FOREPERSON                                      DAVID N. KELLEY
                                                United States Attorney

other property of the defendant up to the value of the

forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United
States Code, Sections 1343 and 1956).

_____          _____
FOREPERSON                       DAVID N. KELLEY
                                 United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v -

### MANUEL FELIPE SALAZAR-ESPINOSA,
### a/k/a "Hoover,"

### Defendants.

### INDICTMENT

S3 05 Cr. 517

Title 18, United States Code,
Section 1956(h) and 2, and
Title 21, United States Code,
Sections 812, 952, 959, 960(a)(1),
960(b)(1)(B), and 963.

DAVID N. KELLEY
United States Attorney.

A TRUE BILL

*Foreperson.*

*July 26, 2005- Fld. Superseding Indictment S3 05 Cr. 517 (LAK) Arrest Warrant Issued. So Ordered. [signature] J. U.S. MJ*