```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        -v-                           :    S3 05 Cr. 517

MANUEL FELIPE SALAZAR-ESPINOSA,       :
        a/k/a "Hoover,"
                                      :
             Defendant.
- - - - - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO ADMIT EXPERT TESTIMONY OF JUDITH BERTINI**

				MICHAEL J. GARCIA
				United States Attorney for the
				Southern District of New York
				Attorney for the United States
				    of America.

ANIRUDH BANSAL
IRIS LAN
Assistant United States Attorneys
    - Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**                    :

      -v-                                           :       S3 05 Cr. 517

**MANUEL FELIPE SALAZAR-ESPINOSA,**             :
      a/k/a "Hoover,"
                                                :
                    Defendant.
- - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
### TO ADMIT EXPERT TESTIMONY OF JUDITH BERTINI

The Court ruled today that Special Agent Bendekovic may not testify as an expert regarding the portion of cocaine transported through Mexico that ultimately enters the United States. One of the grounds on which the Court based its ruling was the finding that the Government failed to show that Special Agent Bendekovic is competent to testify on this issue. Accordingly, the Government respectfully submits this motion to request that the Court permit Judith Bertini, the Drug Enforcement Administration's Deputy Chief of Intelligence, to testify on this subject. The Government respectfully submits that, based on the proffer below and on Ms. Bertini's attached <u>curriculum</u> <u>vitae</u>, Ms. Bertini is competent to testify about the DEA's statistics and intelligence regarding the portion of cocaine transported through Mexico which enters the United States – statistics and intelligence which Ms. Bertini is responsible for tracking.

The Court also noted that "the record would not now permit a

ruling as to the admissibility of the evidence."  The Government has therefore included in this memorandum a fuller proffer of the relevance of the testimony at issue.

## MS. BERTINI'S QUALIFICATIONS

Ms. Bertini has been an intelligence analyst with the DEA for 32 years.  Since December 2003, she has held the position of Deputy Assistant Administrator for Intelligence – the DEA's second-highest-ranking intelligence officer.

Among Ms. Bertini's duties is the supervision of the DEA's efforts to gather and compile statistics and information on seizures of narcotics worldwide, and the destinations, origins and transportation routes of the seized narcotics.  Accordingly, Ms. Bertini periodically reviews the DEA's compiled statistics and intelligence on these issues, and is familiar with them.  She is therefore competent to testify regarding what these statistics and this intelligence show regarding the ultimate destination of cocaine that passes through Mexico.

## THE RELEVANCE OF THE PROFFERED TESTIMONY

The defense's pre-trial submissions make clear that a principal theme of the defense on Count Two (distribution of cocaine with knowledge or intent that the cocaine would be imported into the United States, in violation of 21 U.S.C. § 959(a)) is the assertion that the shipment of cocaine seized in Panama in July 2005 was destined for Europe, not the United

States.  The defense appears to concede, however, that the seized cocaine was to be shipped through Mexico.  The Government will offer proof, through witness testimony and recorded conversations, that the shipment was indeed destined for the United States after being transported to Mexico.  Ms. Bertini's proffered testimony, to the effect that the large majority of the cocaine passing through Mexico is destined for the United States, is also probative of this point.  See United States v. Locascio, 6 F.3d 924, 939 (2d Cir. 1993) ("There is no requirement that prohibits a government agent from testifying as an expert merely because an accomplice witness is also available.").  Indeed, it is on this theory of relevance that Ms. Bertini's immediate supervisor, DEA Assistant Administrator Anthony P. Placido, was permitted to testify on this precise topic by two other Courts in this District.  See United States v. Hertular, 04 Cr. 009 (NRB), Trial Transcript at 669-70 (S.D.N.Y. Feb. 27, 2006); United States v. Herbert, 03 CR. 211 (SHS), Trial Transcript at 488 (S.D.N.Y. Dec. 2, 2004); see also United States v. Mejia, 448 F.3d 436, 449, 451 (D.C. Cir. 2006) (in concluding "that there was sufficient evidence for the jury to find that the intent of the defendants and the object of the conspiracy was to import cocaine into the United States," relying in part on "expert testimony noting that the drugs were seized on the principal land route for cocaine from Panama to the United States and were

3

hidden in ways that suggested the cocaine was headed for the United States"; rejecting Rule 704 challenge to admission testimony).

Nor would the admission of the proffered testimony for this purpose run afoul of the Second Circuit's limitations on the use of expert testimony. The Government is cognizant of the Circuit's having "cautioned as to the risks presented by allowing a law enforcement officer to testify as both a fact and an expert witness." United States v. Barrow, 400 F.3d 109, 124 (2d Cir. 2005) (citing United States v. Cruz, 363 F.3d 187, 194-97 (2d Cir. 2004) and United States v. Dukagjini, 363 F.3d 45, 54-56 (2d Cir. 2003)). However, Ms. Bertini had no involvement in the investigation of the matter on trial, and has no knowledge of the facts which will be proven at trial; she therefore will not – in fact could not – testify or opine about any specific facts related to the defendant's conduct. Instead, she would only testify about drug shipments through Mexico in general. See Barrow, 400 F.3d at 124 (even where expert witness was also a fact witness, expert testimony was properly admitted where fact testimony was "wholly unrelated to her testimony about street-level narcotics dealing").

Indeed, the only respect in which the proffered testimony would overlap with the facts on trial is that both involve narcotics trafficking through Mexico. The expert testimony is

4

therefore not so closely aligned with the facts of the case as to create any unfair bolstering of the Government's witnesses. See United States v. Amuso, 21 F.3d 1251, 1264 (2d Cir. 1994) ("although D'Arco's and Chiodo's testimony that Amuso had to authorize all murders overlapped to a degree with Agent Taylor's, this fact alone does not prohibit the expert from also testifying on this subject").

Finally, nothing in the defense's submission contradicts the admissibility of the proffered expert testimony.  First, the Government has investigated the statements in the DEA reports (produced by the Government) on which the defense's argument rests entirely, and the reports do not accurately reflect the discussions between Messrs. Ardila and Mr. Guzman. In any event, the mere fact that the reports produced reflect a limited number of cocaine shipments from Mexico to Europe, does not controvert in any way the proffered testimony that the vast majority of cocaine passing through Mexico is destined for the United States.

**CONCLUSION**

For the foregoing reasons, Ms. Bertini should be permitted to testify on the issue outlined above.

Dated:  New York, New York
        June 8, 2007

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney


                    By:       _____/s/_____
                              Anirudh Bansal
                              Iris Lan
                              Assistant United States Attorneys
                              Telephone: (212) 637-2516/2263

CERTIFICATE OF SERVICE

  Moire Dobransky deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York, and that on June 8, 2007, she served a copy of the foregoing Memorandum of Law by ECF and Federal Express on

    Linda George, Esq.
    505 Main Street
    Suite 214
    Hackensack, New Jersey 07601

  I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

              _____
              MOIRE DOBRANSKY

Executed on: June 8, 2007
      New York, New York