UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

    -against-                                              05-cr-0517 (LAK)

MANUEL SALAZAR-ESPINOSA,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        In June 2007, following a jury trial, defendant was convicted of (1) conspiring to import multi-ton quantities of cocaine to the United States, (2) distributing cocaine knowing and intending that it would be imported to the United States, and (3) conspiring to launder the proceeds of narcotics trafficking. This conduct took place between 2002 and 2005 while defendant lived in Colombia, and it continued while he was in custody awaiting extradition to the United States. The Court sentenced defendant to a term of 360 months imprisonment on the first two counts and to 240 months on the third count, all to run concurrently, as well as a lifetime of supervised release and forfeiture in the amount of $50 million. Defendant is set to be released in July 2031.

        On February 13, 2020, defendant moved for compassionate release pursuant to 18 U.S.C. § 3582, as modified by the First Step Act. His motion relies on (1) an assertion that numerous medical conditions, which he concedes are not terminal, have the combined effect of diminishing his ability to provide self-care, and (2) his advanced age, which at the time of filing was 68 and now is 69. The medical conditions, as described by defendant, are hyperthyroidism, hyperlipidemia, gout, cataracts, otitis media, hypertension, osteoarthosis, and dermatitis.[1]

        A court may grant compassionate release where (1) there are "extraordinary and compelling reasons" warranting a sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a).[2] The policy statement, set forth in the Sentencing Guidelines at Section 1B1.13 and the Section 1B1.13 Application Notes, provides that extraordinary and compelling reasons exist when the defendant is "suffering from a serious physical or medical condition . . . that

---

[1] The government filed its opposition on March 28, 2020. On April 4, 2020, defendant moved for an extension of time to file a reply in light of a lockdown in his BOP facility occasioned by the COVID-19 pandemic. The Court granted this motion and instructed defendant to file his reply on or before June 15, 2020. No reply was filed.

[2] 18 U.S.C. § 3582(c)(1)(A)(i).

2

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[3]  It provides also that extraordinary and compelling reasons exist when the defendant is at least 65 years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and has served at least ten years or 75 percent of his term of imprisonment.[4]  As this Court has stated previously, "the question whether it is bound by the Sentencing Commission's ('USSC') compassionate release policy statement is a much debated question and thus so too are the grounds on which the court may grant relief in a case like this."[5]  But the Court need not resolve this debate, as defendant's application fails regardless of whether the USSC's policy statement is controlling.

Under any reasonable reading of Section 3582, including the policy statement's reading, defendant has failed to show that extraordinary and compelling circumstances are present here.  He concedes that his medical conditions are not terminal, and he has not explained in any meaningful way how his incarceration has impaired his ability to treat or manage his conditions or otherwise presented special hardships.  Likewise, defendant's age, without more, is not a ground for ordering his release.

In addition, the factors set out in 18 U.S.C. § 3553(a) do not support defendant's early release.  "Those factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) 'the need for the sentence imposed' to, among other objectives, 'provide just punishment for the offense,' and (3) the Sentencing Guidelines range."[6]  Defendant worked with a drug cartel to import tons of cocaine into the United States.  He continued his unlawful conduct even after his arrest.  His sentence reflects the serious nature of his offenses and the need to deter drug cartels and their allies from narcotics trafficking.

The motion for compassionate release [Dkt. 178] is denied.

SO ORDERED.

Dated:    June 18, 2020

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[3] U.S.S.G. § 1B1.13, cmt.1(A)(ii).

[4] U.S.S.G. § 1B1.13, cmt.1(B).

[5] *United States v. Canales*, No. 16-cr-212 (LAK), 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (citations omitted); *United States v. Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *2 (S.D.N.Y. June 4, 2020).

[6] *Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *3 (quoting 18 U.S.C § 3553(a)).