# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MANUEL FELIPE SALAZAR,
              Petitioner,

V.
                                          CASE NO. S3-05CR517LAK

UNITED STATES OF AMERICA,
              Respondent.
_____/

## PETITION FOR WRIT OF HABEAS CORPUS

### MEMERANDUN OF LAW

1.    STRICKLAND vs. WASHINGTON

2.    BOWSLEY vs. UNITED STATES, 523 U.S. 614, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998) MILLS, 36 F.3 dat 1055

3.    MURRAY vs. CARRIER, 477 U.S. 478, 496, 1065 .c.t 2639, 2649, 91L.Ed. 2d 397 (1986)

4.    TOWNSEND vs. SAIN, 372 U.S. 293, 307, 83c.t. 745, 9L.E.d. 2d 770 (1963)

5.    BIRT vs. MONTGOMERY, 725 F.2d 587, 591 (11th CIR. 1984)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

MANUEL FELIPE SALAZAR,
                Petitioner,

V.
                                          CASE NO. S3-05CR517LAK

UNITED STATES OF AMERICA,
                Respondent.
_____/

## PETITION FOR WRIT OF HABEAS CORPUS

      COMES NOW, Defendant Manuel Felipe Salazar, acting *PRO-SE* respectfully requesting the court to hold the allegations to less stringent than formal pleadings drafted by lawyers, it appears Haines v. Kerner (404 U.S. 521) 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972) Beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, (U.S. Tex 1957) a complaint should not be dismissed for failure to state a claim unless it appears Beyond doubt that the plaintiff can prove no set of facts in Support of his claim which would entitle him To relief Dismissed For failure to state a claim unless it appears beyond doubt that the plaintiff can prove No set of facts in Support of his claim which would entitle him to relief.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MANUEL FELIPE SALAZAR,
 Petitioner,

V.                                                             CASE NO. S3-05CR517LAK

UNITED STATES OF AMERICA,
 Respondent.
_____/


## PETITION FOR WRIT OF HABEAS CORPUS

Comes now, MANUEL SALAZAR the petitioner *Pro-se* moves this Court to **emergency release** pursuant to **"PETITIONER FOR WRIT OF HABEAS CORPUS"**, violations of **the 4th, 5th, 6th, and 8th Amendment Constitutional Rights**, based on double jeopardy Article -1- Section 9 due process, Government Flagrant misbehavior, substantial prejudice, newly discovered evidence and violations of **18 U.S.C. Section 1519** that highlights actual prejudice by **Government Attorneys MICHAEL GARCIA, ANIRODH BANSAL,** and **IRIS LAN.** Government Attorney knowingly commits the listed violations. Petitioner ask this court to construe this writ with HAINES vs. KERNER. In further support the following is averred.


## STATEMENT OF THE FACTS

1. Government informant JOSE MORALES **(now named Yusef Israel Guttmann Morales)** had a big drug trafficking case in the UNITED SATES and misled the UNITED STATES Government to make contact with petitioner MANUEL SALAZAR.

2. On about July 22, 2005 Special agent LOWE did get a recording confession from Defendant, and recording device from C.I. JOSE GUZMAN.

3. Government attorney had no knowledge that JOSE GUZMAN, ANDRES CAJIAO BARBERENA, and MANUEL SALAZAR was comrades until illegal Recordings made and created by JOSE GUZMAN.

4. Government attorney did gain intelligence that C.I. JOSE GUZMAN committed the act of perjury and continued prosecution by charging movant MANUEL SALAZAR with count #1 Being a member of a conspiracy, and agreement to import cocaine into the UNITED STATES. #2 Distributing cocaine, knowing or intending that cocaine would be imported into UNITED STATES. #3 Being a member of a conspiracy, again, an agreement to launder drug money.

5. On or about the year of 2007 MANUEL SALAZAR was convicted by a jury and sentenced on February 05, 2008 to 360 months for count one and two. And to 240 months to run together with counts one and two for count three.

6. Government Attorney and Attorney LINDA GEORGE strategically with malice concealed gained intelligence from JOSE GUZMAN that was not valid from the courts, violating 18 U.S.C. Section 1519 by misleading a Federal investigation knowingly and intelligently.

7. Count one sentence of 360 months oversees count two and three sentence, 240 months. Count one is in violation of 21 U.S.C. 963, it controls 2 and 3. Intelligence was gained in on conspiracy investigation.

8. Violations of 21 U.S.C. 963, 21 U.S.C. 959, and 18 U.S.C. 1956 was not possible. The cause was government Attorney illegal actual prejudice.

9. Government Attorney did visit CAJIAO BARBERENE in a covert meeting disguised as a DEA AGENT to gain intelligence on MANUEL SALAZAR. SEE EXHIBIT—5.


## ARGUMENT

The 4th Amendment states one has a right to be secure in their persons, houses and papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the

place to be searched and the persons or things to be seized. Nor shall on **intercept private communication.**

On May 23, 2005 Petitioner was arrested on unrelated charges of case number **(S3) 05-CR517-01LAK.** Government Attorney gained intelligence of Petitioner using false statements made by C.I. JOSE GUZMAN that Government used to indict petitioner and convict petitioner. In the month of June 2005 C.I. GUZMAN ordered CAJIAO BARBRENA that shipment was to be made in the last days of July 2005 in ordered to pack merchandise. Order was to create charging information on Petitioner for listed case number. Government Attorney had no knowledge of Petitioner role in organization. Government Attorney strategically utilized C.I. GUZMAN on a private communication violation, to make a phone call to comrade's which steamed petitioner arrest. Government Attorney depended on future arrest of members of organization, to support false statements provided by C.I. JOSE GUZMAN. It is with prejudice to continue prosecution with knowledge of **"PERJURY"** statement. Government conduct was flagrant and substantial prejudice to Petitioner. SEE EXHIBIT—6. Government knowledge of a violation of 18 U.S.C. Section 1519 was committed to seize the body of petitioner based on Perjury testimonies, and charging Petitioner while resting on the land of the 4th Amendment, which petitioner is protected.

The 5th Amendment States no person shall be subject for the same offense to be twice put in jeopardy of life or limb; nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without DUE PROCESS of law. The day of arrest Petitioner gave statement that incriminate himself do to illegal 4th Amendment violation made by Government Attorney, who supported AGENTS ERIC TRIANA and LOWE who did get recording confession from defendant, and recording device from C.I. GUZMAN. Petitioner was arrested on May 23, 2005. It was impossible on May 23, 2005 for Government to prove SALAZAR knew the existence of cranes that was confiscated on July 21, 2005, when AGENT LOWE retained recording device from C.I. GUZMAN on July 22, 2005. It was only hearsay and it would have not been a future indictment for Petitioner. SEE EXHIBIT—7 line 12-16 of pages of sentencing transcript. What's more Petitioner ask this court to correct illegal sentence as well, do to sentence of count one 21 U.S.C. 963 narcotics importation conspiracy and count two 21 U.S.C. 959 Distribution of narcotics with intent to import which Petitioner **received 360 months.** And count three 18 U.S.C. 1956 which Petitioner was sentenced to **240 months** to run together with counts

one and two. Counts one and two oversees count three. Please SEE EXHIBIT—2. Also article 1 Section 9 of DUE PROCESS CLAUSE. What's more one cannot be put twice in jeopardy in one offense. Government used each count to support one another. Without the fruits of each count no court on this land could sentence one with such illegal actions done by Government Attorney.

The 6th Amendment states one to be informed of the nature and cause of the accusation, **to be confronted with the witness against him,** to have compulsory process for obtaining witness in his favor, and to have assistance of counsel for his defense. Attorney **LINDA GEORGE** did act with prejudice to conceal witness as a favor for Government Attorney, knowing several constitutional errors had been made to support charging information. I will like to call the following for a witness to be present if hearing is considered, also as newly discovered evidence. Attorney **LINDA GEORGE, AUSA IRIS LAN, ANIRODH BANSAL, MICHAEL J.G. GARCIA, DEA AGENTS ERIC TRIANA, SPECIAL AGENT LOWE, G.I. JOSE GUZMAN, CAJIAO BERBERENA, ALVARO ARDILA.** SEE EXHIBIT–3 witness will disprove Government Attorney factual presented allegations.

The 8th Amendment protects one from cruel and unusual punishment. Petitioner was convicted by jury in 2007 and sentenced on February 05, 2008 to a term of 360 months for count one and two, also 240 months for count three. **Government Attorney was forced to try case in trial to support flagrant misconduct and substantial prejudice by relying on false testimony of Government Informant JOSE GUZMAN. When false testimony is provided by a Government witness without the prosecutions knowledge, DUE PRCESS is violated only if the testimony was material and "the court" is left with a firm belief that but for perjured testimony, the defendant would most likely not have been convicted. In contrast, where false testimony is provided with the prosecutions knowledge, a conviction cannot stand if there was a reasonable likelihood that the testimony affected the judgment of the jury or that it may have an effect on the outcome of the trial. Government Attorney gained knowledge of false testimony and continued prosecution with the help of comrade Attorney LINDA GEORGE. SEE STRICKLAND vs. WASHINGTON as Petitioner demonstrate that counsel's performance fell below "an objective standard of reasonableness under prevailing norms" and affirmatively prove prejudice by showing that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been**

**different.** Petitioner ask this court to commute sentence based on Government flagrant misconduct, newly discovered evidence, substantial prejudice. SEE BOUSLEY vs. UNITED STATES, 5 23 U.S. 614, 622, 118 S. C.t. 1604, 1611, 140 L.E.d.2d 828 (1998) and MILLS 36 F. 3d at 1055, Petitioner is entitled to an evidentiary hearing if allegations, if proved, would establish his right to collateral relief. SEE TOWNSEND vs. SAIN, 372 U.S. 293, 307, 83 S. C.t. 745, 9 L. Ed. 2d 770 (1963). The burden is on Petitioner to establish need for an evidentiary hearing. SEE BIRT vs. MONTGOMERY, 725 F. 2d 587, 591 (11th Cir. 1984). Petitioner seeks to highlight Government Attorney malfeasant Actions. Petitioner also ask this Court to author the future position of this case with the respect of our founding fathers.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

## CERTIFICATE OF SERVICE

MANUEL FELIPE SALAZAR,
          Petitioner,

V.                                          CASE NO. S3-05CR517LAK

UNITED STATES OF AMERICA,
          Respondent.
_____/

### PETITION FOR WRIT OF HABEAS CORPUS

The undersigned MANUEL SALAZAR send a copy of this HABEAS CORPUS to the CLERK OF THE COURT JUSTICE RUBY J. KRAJICK at 500 PEARL St N.Y., N.Y. 10007 (40 FOLEY SQUARE N.Y., N.Y. 10007).

Respectfully Submitted
*Pro-se*

_____
MANUEL SALAZAR

CC: AUSA OFFICE

# EXHIBIT

# I

# AMENDMENT 4

*-Protection from Unreasonable Searches and Seizures*

The right of the people to be secure in their persons, houses, paper, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

# EXHIBIT
## II

# AMENDMENT 5

*-Protection of Rights to Life, Liberty, and Property*

No person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation.

# EXHIBIT

## III

# AMENDMENT 6

*-Rights of Accused Persons in Criminal Cases*

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses un his favor; and to have the assistance of counsel for defense.

# EXHIBIT
## IV

# AMENDMENT 7

*-Rights in Civil Cases*

In suit at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States than according to the rules of common law.

# EXHIBIT

## V

# AMENDMENT 8

*-Excessive Bail, fines, and Punishments Forbidden*

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

# EXHIBIT
## VI

Shortly after my detention, one of the DEA Agents was actually the prosecutor of my case in disguise, pretending to be an DEA Agent and forcing me to testify against MANUEL SALAZAR, if not, they were going to sentence me to 36 years and I would never see my family again, because they will make sure their visas will get canceled, I told them that I could not do that, because if I did I would not be telling the truth, simply because when the cocaine shipment was being held, Mr. MANUEL SALAZAR was already detained in Colombia (May 23 Rd. of 2005).

The person who did went to see me, was Mr. **JOSE GUZMAN**, sent by PATO, this person introduces to myself and claims he is the boss, and that I had to wait for the orders that he will send me later. That's why it's very odd when I read the files of MANUEL SALAZAR, statement that I'm giving under oath, clarifying the situation, the American authorities can verify my facts and the present statement, regarding the process of MANUEL SALAZAR, for that purpose, **I am sending along this statement, the records of the communications recorded by the DEA, where the head of the organization JOSE GUZMAN or JOSEPH GUTTMAN or AKA EL ARQUITECTO or EL PRIMO...**

I found out that Mr. JOSE GUZMAN MORALES, had a big case of drug trafficking in the USA, and had volunteer himself to help in order of avoiding being sentenced and sent to jail, one of the things he said to avoid conviction, was precisely the case of Mr. MANUEL SALAZAR, because he was already extradited to the USA and the DEA did not have enough charges to convict him, that's why they approach Mr. JOSE GUZMAN, he was helping the DEA to avoid prison and he was giving away FALSE CONVICTIONS, compromising people in order to stay out of jail, then he said that MANUEL SALAZAR was the big boss, knowing that the real boss was himself, as the recordings that that I am also sending proves.

The whole operation was set in Mexico in the middle of June 2005, and the order that I received from the boss JOSE GUZMAN, was that the shipment and to be made in the last days of July, and it was, in order to pack the merchandise people from Mexico arrived, sent by the boss JOSE GUZMAN and others sent by Mr. AGUIRRE "EL CABALLO". When I read the case of Mr. SALAZAR I finally understood the hurry of the boss GUZMAN to send the cocaine shipment, once he said that M. SALAZAR was the boss of the drug organization, he was released of guilt to the DEA and he could solve the problem with the USA justice department. 3). Case USA vs. Morales 03-0143- DAB-1 in the conversations recorded in Mexico City, it is very clear who were the owners of the cocaine shipments and which quantity belong to each one, 900 kg were the boss Mr. JOSE GUZMAN which correspond to the 60% and the rest 600 kg were of Mr. AGURRE "EL CABALLO", that was the 40% of the total (page 29 of the attachment),

# EXHIBIT
# VII

1    our position that whatever was said in his post-arrest
2    statement is also some other type of conspiracy out there
3    because it has nothing to do with the crane conspiracy. For
4    ease I'm calling it a crane conspiracy, I'm calling it a
5    post-arrest statement or something else.
6         THE COURT: But the indictment doesn't charge anything
7    recognizable as limited to a crane conspiracy; does it?
8         MS. GEORGE: Certainly in my opinion it did because it
9    charges the activity in the whole trial. The evidence that
10   came in concerned everything around the crane.
11        THE COURT: I'm talking about the indictment.
12        MS. GEORGE: yes, the indictment charges X amount of
13   drugs and the indictment also charges the statement-charges
14   acts that took place as a result of his post-arrest statement.
15   If you analyze it down the line, based on the testimony, it's
16   obvious there are two separate things.
17        THE COURT: Well, I can't analyze the indictment by
18   looking at the testimony, I can only analyze the indictment by
19   looking at the indictment; right?
20        MS. GEORGE: That's correct.
21        THE COURT: and the allegation in the indictment is of
22   a conspiracy to distribute drugs over a period of some number
23   of years.
24        MS. GEORGE: Between 2002 and 2005.
25        THE COURT: Okay. Now that's all it says as to the





USA DOLLAR USA DOLLAR
USA DOLLAR USA DOLLAR
USA DOLLAR

CLERK'S OFFICE
S.D.N.Y.



USA OLD
SDNY

Pro Se

MANUEL SALAZAR

REG. NO. 59264-054

MCRAE CORRECTIONAL FACILITY

P.O. DRAWER 55030

MCRAE HELENA, GA 31055



U.S. POSTAGE PAID
FCM LG ENV
MCRAE HELENA, GA
31055
JAN 12, 21
AMOUNT
**$0.00**
R2305H130375-05

1023

10007

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK [NYSD]
OFFICE OF THE CLERK
DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE,
40 FOLEY SQUARE,
NEW YORK, NY 10007

0 522517

CERTIFIED MAIL

7018 2290 0001 1291 3437

CONFIDENTIAL

U.S. POSTAGE PAID
MCRAE HELENA, GA
31055
JAN 12, 21
AMOUNT
$0.00
R2306H130375-05

RECEIVED
2021 JAN 22 AM 10: 12
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SDNY PRO SE OFFICE
2021 JAN 22 PM 1: 59

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK [NYSD]
OFFICE OF THE CLERK
DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE,
40 FOLEY SQUARE,
NEW YORK, NY 10007

Pro Se

USM FOLD
SDNY

CONFIDENTIAL

90 0001 1291 3437

CERTIFIED MAIL

CORRECTIONAL
AWER 55036 from McRae Correctional Facility
Said facility is
ELENA, GA      all the substa