UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                  S3 05 Crim. 0517 (LAK)

MANUEL FELIPE SALAZAR-ESPINOSA,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Now before the Court is a so-called petition for a writ of habeas corpus filed earlier this year. The relevant background is this:

        Manuel Salazar-Espinosa ("Salazar"), following his extradition from Colombia, was convicted by a jury in 2007 of conspiring to import narcotics into the United States in violation of 21 U.S.C. § 963, distribution of narcotics with intent to import them in violation of 21 U.S.C. §§959(a), 959(c), 960(a)(3), and 960(b)(1)(B)(ii), and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h) and sentenced on February 5, 2008 principally to 360 months imprisonment on the first two counts and 240 months on the third count, the terms to run concurrently. The Second Circuit affirmed on September 22, 2009.[1] The Supreme Court denied certiorari on January 25, 2010.[2]

        On January 11, 2011, Salazar filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, principally on the ground of ineffective assistance of counsel.[3] That motion was denied on the merits on July 11, 2011, and a certificate of appealability was denied.[4] Salazar then moved in the Second Circuit for a certificate of appealability, but that

---

[1] 348 Fed. Appx. 686 (2d Cir. 2009).

[2] 130 S.Ct. 1311 (2010).

[3] 11-cv-0247 (LAK), Dkt 1 (noted also in criminal docket, albeit without docket entry number).

[4] 11-cv-0247 (LAK), Dkt. 15

motion too was denied for want of a "substantial showing of the denial of a constitutional right."[5] It appears that no petition for a writ of certiorari was filed in the Supreme Court.

As Salazar previously made a motion for relief under 28 U.S.C. § 2255 and that motion was decided on its merits, this is a second or successive 2255 motion. It may be filed in this Court only with authorization of the Court of Appeals.[6] Accordingly, the Clerk shall transfer the present motion to the Court of Appeals under *Liriano v. United States.*[7]

The Clerk shall mail a copy of this order to the defendant at the address given in Dkt.191 in the criminal case and note the mailing on the docket sheet.

SO ORDERED.

Dated:   June 17, 2021

/s/   Lewis A. Kaplan
―――――――――――――――――――――
Lewis A. Kaplan
United States District Judge

---

[5] *Id.* Dkt. 16.

[6] *E.g., Escobar v. Senkowski,* No. 02 Civ. 8066 (LAK), 2006 WL 2621096, at *1 (S.D.N.Y. Sept. 12, 2006).

[7] 95 F.3d 119, 123 (2d Cir. 1996).