# MANDATE

United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-one.

Present:

    Reena Raggi,
    Gerard E. Lynch,
    Michael H. Park,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 18 2021

---

Manuel Felipe Salazar-Espinosa,

        *Petitioner*,

v.                                                   21-1497

United States of America,

        *Respondent*.

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion and for an extension of time to file the present motion. Upon due consideration, it is hereby ORDERED that the request for an extension of time is GRANTED, but the motion for leave to file a successive § 2255 motion is DENIED.

As an initial matter, Petitioner relies on a 2017 declaration from Andres Cajiao Barberena but does not explain when he obtained the declaration or why it should be considered newly discovered evidence. *See Herrera-Gomez v. United States*, 755 F.3d 142, 147 (2d Cir. 2014) (holding that prisoners seeking leave to file a successive § 2255 motion must act with "'due diligence' in investigating and presenting their claims based on newly discovered evidence").

However, even if we assume Petitioner exercised due diligence in obtaining the declaration, he still has not made a prima facie showing that the requirements of § 2255(h) are satisfied. First,

MANDATE ISSUED ON 10/18/2021

the declaration does not appear to be relevant to his Fourth or Fifth Amendment claims, or his claims concerning his sentence. Second, regarding Petitioner's claim that counsel was ineffective for failing to present the new evidence to the trial court, Petitioner does not mention his counsel's unsuccessful pretrial motion to depose Barberena or identify any additional steps counsel could have taken regarding that potential evidence.

Third, even if the declaration is deemed relevant to all of Petitioner's challenges to his conviction, he has not made a showing that the evidence discussed in his motion, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2255(h)(1). He does not provide a trial transcript or describe the inculpatory evidence presented at his trial, and does not explain why Barberena should be found more credible than the Government's witnesses and other evidence. Moreover, even if Barberena is credible, his declaration does not meet the standard set by § 2255(h)(1), because it primarily focuses on whether Petitioner was the leader of the drug conspiracy, and does not address whether Petitioner knew that the narcotics involved in that conspiracy (in which Petitioner admitted participating) were destined for the United States, the principal issue contested by Petitioner at trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2