

**Linda George**
**Attorney at Law**

**MEMO ENDORSED**

577 Summit Avenue
Hackensack, New Jersey 07601
Tel: 201-487-5225
Fax: 201-487-8807
email: lgdefense@yahoo.com

March 10, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-20-2023

**VIA CM/ECF**
Lewis A. Kaplan, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    **United States v. Manuel Felipe Salazar-Espinosa**
              **S3 05 Cr. 517 (LAK)**

Dear Judge Kaplan:

      As this court is aware, I represented Manuel Felipe Salazar-Espinosa at trial in 2007 and currently represent him with respect to his application, filed on December 7, 2022, D.E. 195, for Compassionate Release pursuant to 18 U.S.C. §3582.

      On March 6, 2023, the government filed a response. D.E. 207. It poses, at pages 5-6, as a threshold matter, an argument that this court is without jurisdiction to consider the merits of defendant's application because he has failed to exhaust his administrative remedies. GR5-6. The argument goes so far as to suggest that the proscription on this court's authority to provide relief in this instance is absolute and without exception. GR6. Because the question of jurisdiction will interrupt adjudication on the merits, in an effort to save time and resources, I send this letter to advise the court of certain considerations.

      First, it is my understanding after speaking with my client that he did, indeed, attempt to comply with administrative process prior to the filing of the instant motion but was thwarted by poor vision, poor health and a redesignation to another institution, and is not sure what actually happened. While he claims that he did submit the appropriate BP8/BP9, a discussion with the government indicates that a record of same with BOP does not exist. Perhaps in his transfer from one institution to another, the BP9/BP9 was not attended to and/or not submitted as requested.

Page 2
Hon. Lewis A. Kaplan, U.S.D.J./ U.S. v. Manuel Felipe Salazar-Espinosa
March 10, 2023

      Second, as to the argument that this court is without jurisdiction, respectfully, defendant believes this argument understates the court's power to provide relief in circumstances where, as here, there are compelling reasons to take immediate action and avoid further delay. See, *United States v. Sanchez*, 2020 WL 1933815 (D. Conn. Apr. 22, 2020) (Bryant, J.), wherein the court observed that "'[e]ven where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute.'" *Id.* at *4 (quoting *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (affirming application of judge-made exhaustion requirement)). With specific respect to 18 U.S.C. §3582, the court, in *Sanchez*, explained that since promoting the acceleration of relief to inmates deserving justice under the First Step Act was an underlying premise of the construction and framing of the Act's exhaustion requirement, *id.* at *4,

> the Court finds it has the discretion to waive the 30-day waiting period where strict enforcement would not serve the Congressional objective of allowing meaningful and prompt judicial review. The immediate case, where each day threatens irreparable harm to a uniquely susceptible defendant, calls for such a waiver.

*Id.* at *5.

      In this matter, defendant is prepared to argue and show that the BOP's undeniable lack of timely care and attention materially exacerbated the deterioration of defendant's vision, and as well his ability to self-care . Close monitoring, which the BOP has now demonstrated it is incapable of providing, is necessary to prevent further deterioration on the road to blindness. Already, Mr. Salazar's loss of eyesight, together with his serious health deficits, together with the threat of reinfection by COVID/variants, render his day-by-day prison experience a perilous and undue exposure to danger that is ripe for remedy without further delay.

      Alternatively, however, should the court view defendant's pursuit of administrative process a necessary prerequisite, it is respectfully requested that, to conserve time and resources, this motion be stayed and/or held in abeyance–and not dismissed–pending defendant's satisfaction of that rigor. Should the court stay proceedings, defendant will use the time to proceed as expeditiously as possible with another BP8/9 filing to the BOP.

      If the Warden denies defendant's claim within 30 days, then Defendant requests permission to return to court by filing a substantive reply to the government's response within 10 days of the denial. If 30 days elapse without a response from the Warden, then defendant asks that he be given 10 days thereafter to file his reply.

      Accordingly, it is respectfully requested that the court please indicate whether it is prepared to entertain the pending application for compassionate release on the merits at this time, or believes it is necessary for defendant to exhaust his administrative claim in a documented fashion with the

Page 3
Hon. Lewis A. Kaplan, U.S.D.J./ U.S. v. Manuel Felipe Salazar-Espinosa
March 10, 2023

BOP before continuing on the instant application before this court. In the event that the court is willing to now proceed on the merits, it is respectfully requested that 15 days be provided to allow for the preparation, review and filing of defendant's reply memorandum.

    I thank your Honor for your attention to this matter, and remain,

Very truly yours,

*Linda George*

**LINDA GEORGE**

*Denied as duplicative. Previously filed and ruled upon. DKT. 208-209*

SO ORDERED

/s/ Lewis A. Kaplan
3/17/23

LEWIS A. K...
SO ORDER...

LEWIS

Page 4
**Hon. Lewis A. Kaplan, U.S.D.J./ U.S. v. Manuel Felipe Salazar-Espinosa**
March 10, 2023

## Certification of Service

I hereby certify that a copy of the foregoing letter motion has been electronically filed with the Clerk of the Court by way of the CM/ECF system which provides copies to parties as follows:

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
    for the Southern District of New York
500 Pearl Street
New York, New York 10007

Adam Sowlati
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

/s/ Linda George
**LINDA GEORGE**
Attorney at Law,
    On Behalf of Defendant,
        Manuel Salazar- Espinosa
577 Summit Avenue
Hackensack, New Jersey 07601

Dated: March 10, 2023